```
         UNITED STATES DISTRICT COURT
            DISTRICT OF MINNESOTA
        Criminal No.: 11-305(15)(DSD/LIB)
```

United States of America,

       Plaintiff,

v.                                       **ORDER**

Veronique ZsaZsa Antique Muckle,

       Defendant.

    Andrew S. Dunne, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Veronique Muckle, #16068-041, FCI Aliceville, P.O. Box 4000, Aliceville, Al 35442, defendant pro se.

This matter is before the court upon the motion by defendant Veronique ZsaZsa Antique Muckle to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). On February 2, 2012, defendant pleaded guilty on Count 2 of the Indictment alleging conspiracy to distribute oxycodone, oxymorphone, and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. The court sentenced defendant on August 6, 2012, to 52 months' imprisonment, followed by three years of supervised release. In doing so, the court varied downward from the applicable guidelines range of 70-87 months. Defendant now moves for a reduction in her total sentence pursuant to Amendment 782 of the United States Sentencing Guidelines. The government opposes the motion on the ground that the court's departure from the applicable guidelines range at sentencing precludes application of the amendment in this case.

The court agrees.

The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range. 18 U.S.C. § 3582(c). In 2014, the Sentencing Commission promulgated Amendment 782, which retroactively reduces the base offense level for many drug offenses by two levels. See U.S.S.G. §§ 1B1.10, 2D1.1(c); id. app. C, amend. 782. However, the two-level reduction is not applicable, where, as here, a below-guideline sentence was imposed for reasons other than substantial assistance: "[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). Consistent with this policy statement, defendant's potential sentencing reduction is limited to the bottom of her amended guideline range, which is 57 months. Having already sentenced defendant below that range, the court lacks the authority to further reduce her sentence.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) [ECF No. 1187] is denied.

Dated:  February 5, 2016.

s/David S. Doty  
David S. Doty, Judge  
United States District Court