UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-305(15)(DSD/LIB)
Criminal No. 12-223(DSD/LIB)

United States of America,

       Plaintiff,

v.                                      **ORDER**

Veronique ZsaZsa Antique Muckle,

       Defendant.

     Allen A. Slaughter, United States Attorney's Office, 316 North Robert Street, Suite 404, St. Paul, MN 55415, counsel for plaintiff.

     Veronique Muckle, #16068-041, FCI Aliceville, P.O. Box 4000, Aliceville, Al 35442, defendant pro se.

This matter is before the court upon the pro se motions[1] by defendant Veronique ZsaZsa Antique Muckle to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motions.

**BACKGROUND**

On August 6, 2012, Muckle was sentenced to 52 months' imprisonment for Conspiracy to Distribute Oxycodone, Oxymorphone, and Heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and

---

[1] Muckle filed identical § 2255 motions challenging her sentences for witness retaliation in case number 12-CR-223(DSD/LIB) and drug conspiracy in case number 11-CR-305(15)(DSD/LIB).

846.  On April 12, 2013, a jury convicted Muckle of Witness Retaliation, in violation of 18 U.S.C. § 1513(b)(1), and on July 23, 2013, the court sentenced her to 121 months' imprisonment to be served consecutively to the 52-month drug conspiracy sentence. Muckle appealed her sentence for witness retaliation, and the Eighth Circuit Court of Appeals affirmed.  On December 23, 2014, Muckle filed a motion to reduce her drug conspiracy sentence, which the court denied on February 5, 2016.  Muckle now moves to vacate, set aside, or correct both her drug conspiracy and witness retaliation sentences.

## DISCUSSION

**I. Johnson**

Muckle argues that her sentence is unconstitutional in light of Johnson v. United States, 135 S. Ct. 2551 (2015).  The court finds, however, that Johnson is inapplicable to Muckle's sentences. In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague.  Muckle's sentences, however, were not based on the unconstitutional residual clause of the ACCA.  Indeed, they were not calculated pursuant to any residual clause.  Muckle's sentence for drug conspiracy was calculated based on the total quantity of drugs involved in the offense under U.S.S.G. § 2D1.1. Likewise, her sentence for witness retaliation was calculated based

on U.S.S.G. §§ 2J1.2(a), (c) and 2X3.1. Therefore, Johnson is irrelevant to Muckle's sentences and does not provide a basis for relief.

**II. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The court is firmly convinced that Johnson does not apply to Muckle's sentences and that reasonable jurists could not differ on the result. As a result, a certificate of appealability is not warranted.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate her sentence in case number 11-CR-305(15)[ECF No. 1347] is denied;

2. Defendant's motion to vacate her sentence in case number 12-CR-223 [ECF No. 134] is denied; and

3. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 18, 2016.

                                          s/David S. Doty  
                                          David S. Doty, Judge  
                                          United States District Court